■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RALPH NARVAEZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 19, 1978, convicting defendant of escape in the first degree and sentencing him thereupon to two to six years, said sentence to run consecutively to a previously imposed sentence of 7 to 21 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of striking so much of the judgment as directs that said sentences run consecutively, and, except as thus modified, affirmed. At least 45 minutes after the discovery that six inmates were missing from Rikers Island, defendant, awaiting trial on a felony charge for which he was subsequently convicted, was captured on a prison building roof, which was part of the escape route. The evidence disclosed that defendant was neither a ringleader nor one of the participants in the planning or implementation of the escape. Thus, his culpability was less than the other five inmates who were caught a day later outside the confines of the prison. The five other escapees entered guilty pleas and were treated more favorably on sentence than defendant, who elected to go to trial on the legal issue of whether he had in fact escaped from a "detention facility". (See Penal Law, § 205.00, subd 1.) In our view, in light of the length of the previously imposed sentence, the sentencing objectives for the crime of escape would be satisfied by a concurrence of sentences and we modify accordingly. Concur—Birns, J. P., Fein, Sullivan, Markewich and Lupiano, JJ.